NATIONAL FEDERATION OF POST OF-FICE CLERKS, by and through Its President, Elroy C. Hallbeck; Robert J. Rogers, John F. O'Connor, Elroy C. Hallbeck, John F. Bowen and Don E. Dunn, Individually, Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2870.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 7, 1961.

Decided Aug. 28, 1961.

James F. Carroll, Washington, D. C., with whom Herbert S. Thatcher, Washington, D. C., was on the brief, for appellants.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code § 11–776(b).

CAYTON, Judge.

This appeal challenges the right of the District of Columbia to require an organization of federal employees to obtain from the Superintendent of Insurance a certificate of authority to operate a program of health insurance.

Appellant Federation is an unincorporated non-profit labor organization composed exclusively of postal clerks employed by the United States Post Office Department. It provides health, hospital, and surgical benefits to its members on a voluntary basis. Members wishing to participate in the plan pay premiums of fixed amounts in proportion to the type of benefits received. The Federation has a membership of 100,000, approximately 42,000 of whom are participants in the plan. Ninety of the participants are residents of the District of Columbia. The association has been conducting its activities at an office in this jurisdiction.

The District government by information charged that the association and certain of its officials were violating the law by engaging in health insurance business without obtaining a certificate of authority. Trial was had on stipulated facts and the court held that the governing statute was being violated.

At one time associations of this type were exempt from licensing and regulation.[1] But in 1940 Congress passed a new Act requiring that all fire, marine, and casualty companies doing business in the District of Columbia must obtain a certificate of authority. Code 1951, 35–1301 et seq. The question for decision is whether that Act repealed the exemption contained in the earlier statute.

Section 46 of the 1940 Act provides: "All laws or parts of laws, insofar as they relate to business affected hereby, and are in conflict with any of the provisions of this act, are hereby repealed."[2] Notwithstanding

1. Code 1951, 35–202, regulating health, accident, and life insurance companies provides in part "that nothing contained herein shall apply to any relief association, not conducted for profit, composed solely of officers and enlisted men of the United States Army or Navy, or solely of employees of any other branch of the United States government service * * *."

2. See Compiler's note following Code 1951, 35–1349.

this language, appellants contend that Congress did not intend to repeal the exemption of the earlier Act relating to non-profit relief associations composed of Government employees. They argue that Congress, when passing the 1940 Act, was only concerned with commercial fire, marine, and casualty companies operated for a profit. A careful reading of the Act does not substantiate this position. Section 35–1302 of the Code makes the provisions of the 1940 Act applicable to "all fire, marine, and casualty insurance companies." Section 35–1303 states that "company * * * shall be deemed to include a corporation, company, partnership, association, individual, or aggregation of individuals engaging in * * * any kind of insurance, surety, or indemnity business * * *." We think it is evident that the Congressional intent was to include insurance organizations of appellant's type within its scope. This intention is further manifested in the legislative history of the Act. H.R.Rep. No. 2143, 76th Cong., 3rd Sess. 3 (1940), which contains the report of the House District Committee, states that "the inconsistencies in existing law and the lack of adequate control over fire and casualty insurance companies arise in part from the fact that the Marine Act, under which fire and casualty insurance companies are licensed, was intended primarily to provide for the regulation of marine insurance." It further states that "the inadequacy of existing law is recognized generally by insurance companies and agents engaged in fire and casualty insurance." See also S.Rep. No. 1909, 76th Cong., 3rd Sess. (1940).

Appellants have presented argument and citations on the proposition that repeals by implication are not favored. But that is not the problem here; our question is one of express repeal. As appellants say in their brief, all their assignments of error are predicated on the proposition that they have an operative and continuing exemption, not repealed by the 1940 Act. We think the trial court ruled correctly that the earlier exemption was expressly repeal-ed by the 1940 Act. The ruling is in harmony with a decision dealing with the same question in the field of life insurance. Fechteler v. Jordan, 95 U.S.App.D.C. 54, 218 F.2d 865.

Affirmed.